UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Petitioner,

v.

JASON MICHAEL HECOCK,

Respondent.

CASE NO. C13-173-RSM

ORDER DENYING PETITIONER'S MOTION FOR HABEAS RELIEF

THIS MATTER comes before the Court upon Defendant-Petitioner Jason Hecock's Motion for Habeas Corpus Relief under 28 U.S.C. § 2255 (Dkt. # 1) and Response by Plaintiff United States of America (Dkt. # 10). For the reasons set forth below, Defendant's Petition for Habeas Corpus Relief is DENIED.

**Background**

Defendant-Petitioner Jason Hecock filed the instant Petition for Habeas Corpus Relief under 28 U.S.C. § 2255 seeking to vacate the sentence imposed at his sentencing hearing in CR11-178RSM on January 25, 2012. Dkt. # 1. Mr. Hecock has served a 185-day term of incarceration in CR05-159RSM after he pleaded guilty to a single count of Distribution of

MDMA and is currently on supervised release. On March 31, 2011, Defendant had an initial appearance for three supervised release violations: (1) possession of marijuana with intent to distribute; (2) possession of Oxycontin with intent to deliver; (3) possession of drug paraphernalia. *See* CR05-159RSM, Dkt. ## 82, 88.

On October 14, 2011, Defendant pleaded guilty to three related counts alleged in the indictment in CR11-178RSM: (1) Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(D); (2) Possession of MDMA, Hydrocodone, Codeine, and Heroin, with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and (3) Possession of Oxycodone with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). The sole recommendation contained in the Plea Agreement specified that,

> "The government agrees to recommend that the sentence in this matter be served concurrently to any time period imposed on the supervised release violations in CR05-0159RSM. However, Defendant understands that the United States Probation Office will recommend that the sentence in both matters be served consecutively."

Dkt. # 27, p. 9. At Defendant's plea hearing and through Defendant's sworn plea colloquy, the presiding Magistrate Judge found that Defendant was competent to enter a guilty plea and understood the consequences of the plea. *See* CR11-178RSM, Dkt. # 25; CR13-173RSM, Dkt. # 10, pp. 4-5.

On January 1, 2012, the Court held a combined disposition hearing on Defendant's supervised release violations in CR05-0159RSM and sentencing hearing in CR11-178RSM. In its Sentencing Memorandum, the government recommended an above Guideline range term of forty-six months on CR11-178RSM, and a term of twenty-four months for the supervised release

violations, to be served concurrently. CR11-178RSM, Dkt. # 30, p. 4. In its Sentencing Memorandum, the defense recommended a term of thirty-seven months in custody at the high end of the Guideline range, with either dismissal of the supervised release violations or a sentence of nine months on the violations to run concurrently. *Id.* at Dkt. # 31, p. 3. The Court imposed a term of thirty-seven months, consecutive to a disposition term of nine months for the supervised release violations. *Id.* at Dkt. # 32; CR05-0159RSM, Dkt. # 33.

**Analysis**

In his petition for habeas relief, Mr. Hecock claimed that his sentence should be vacated on two grounds: ineffective assistance of counsel and breach of the plea agreement by the Government. Dkt. # 1, pp. 4, 5. Petitioner also stated a conclusory allegation that he was "induced into signing two plea agreements," though he failed to develop these allegations or support them with any factual assertions. *See Id.* at 5. The government denies all claims. *See* Dkt. # 10.

Under 28 U.S.C. § 2255, the Court shall vacate and set aside a judgment upon a finding that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." The presiding judge has discretion to determine whether an evidentiary hearing is warranted upon review of the record. *See* Rule 8, Rules Governing Section 2255 Cases in the District Courts. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief," the Court must

deny the motion. *Id.* at Rule 4(b)*; see also Baumann v. United States,* 692 F.2d 565, 571 (9th Cir.1982).

1) Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, Petitioner must establish both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a defendant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. "Judicial scrutiny of counsel's performance must be highly deferential" in light of the "strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994)(quoting *Strickland*, 466 U.S. at 690). To demonstrate actual prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 695. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 685.

Mr. Hecock claims that his counsel was ineffective because: (1) he failed to argue for a total sentence not exceeding thirty seven months, concurrent with the supervised release disposition, and (2) he failed to properly explain the contents of the plea agreement. Dkt. # 1, p. 4. The record fails to support either assertion.

Contrary to Mr. Hecock's assertion, his counsel argued for precisely a thirty seven month maximum term, as plainly evidenced through the defense Sentencing Memorandum. *See* CR11-178RSM, Dkt. # 31, p. 3. The record also contradicts Petitioner's claim that his counsel failed to explain to him the contents of his plea agreement. Mr. Hecock indicated an understanding of the Plea and its consequences through his sworn plea colloquy and by signing the Plea Agreement. Upon this basis, the Magistrate Judge found Mr. Hecock competent to enter the plea. The Magistrate Judge's Report and Recommendation recommended that the Defendant be adjudicated guilty based on the Judge's determination that the "guilty pleas were knowingly, intelligently, and voluntarily made" under oath. *Id.* at Dkt. # 28. Mr. Hecock neither objected to the Report and Recommendation nor raised any indication throughout proceedings that he did not fully understanding his Plea and its consequences. The Court consequently finds that Mr. Hecock has failed to demonstrate either inadequate performance by his counsel or actual prejudice.

2) <u>Breach of Plea Agreement</u>

Petitioner's second contention, that the Government breached the Plea Agreement, is also not supported by the record. As an initial matter, the Court notes that habeas relief is not warranted on Mr. Hecock's cursory assertion that he was induced into "signing two plea agreements." Dkt. # 1, p. 5. Petitioner merely inserts this claim under Ground Two of his petition for habeas relief but fails to offer any facts to support his claim. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). The Court accordingly declines to consider this claim.

As to Petitioner's assertion that the Plea Agreement that he signed "called for a total combined, concurrent sentence of 37 months," Dkt. # 1, p. 5, the Court finds that this allegation is contradicted by the record. Through the Plea Agreement, the Government agreed to recommend that the sentence "in the instant matter be served concurrently to any time imposed on the supervised release violations in CR05-0159RSM." CR11-178, Dkt. # 27, p. 9. The Government fully adhered to this commitment in recommending that Petitioner serve a term of forty-six months on CR11-178RSM, to be served concurrently with a term of twenty-four months for the supervised release violations. *See Id.* at Dkt. # 30, p. 4. Nowhere in the Plea Agreement was a commitment made by any party as to recommending a thirty-seven month term.

The Court similarly finds to be without merit Petitioner's contention that the "District Court sentenced the Petitioner to consecutive sentences, in violation of the plea agreement." Dkt. # 1, p. 5. The Plea Agreement forewarned Defendant that "no one has promised or guaranteed what sentence the Court will impose" and further that the "Agreement binds only the United States Attorney's Office for the Western District of Washington." CR11-178, Dkt. # 27, ¶¶ 6, 18. In signing the Agreement, Petitioner also indicated that he was on notice that the U.S. Probation Office "will recommend that the sentence in both matters be served consecutively." *Id.* at ¶ 17. The record clearly indicates that no promise was made to Mr. Hecock as to the sentence that the Court would impose and that Mr. Hecock was well-informed of the Court's discretion in sentencing. As the Court finds Mr. Hecock's claims regarding breach of the Plea Agreement to be directly contradicted by the record and thus without merit, it declines to consider the Government's argument that Petitioner's claims are procedurally defaulted.

**Conclusion**

Accordingly, it plainly appears from the Petition, Answer, and the record of the underlying actions that Mr. Hecock is not entitled to the requested habeas relief. For the reasons stated herein, it is hereby ORDERED that:

(1) Defendant's Petition for Habeas Corpus Relief under 28 U.S.C. § 2255 is DENIED.

(2) The Court DECLINES to issue a certificate of appealability.

(3) The related civil case file shall be CLOSED.

DATED this 18 day of December 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE